# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFFORD D. JACKSON,** | NO. LA CV 16-03422-VBF (MAN) |
| Petitioner, | **ORDER** |
| v. | Overruling Petitioner Jackson's Objections; Adopting the Report & Recommendation: |
| **NEIL McDOWELL, WARDEN,** | Dismissing Ground Three With Prejudice; Dismissing Ground Four Without Prejudice; |
| Respondent. | Directing Parties to Proceed on Grounds 1 and 2 |

    Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the Petition for Writ of Habeas Corpus, all documents filed in this action, the Report and Recommendation of the United States Magistrate Judge ("R&R"), and petitioner's objection. Petitioner's objections do nothing to undermine the R&R's recommendations that Ground Three be summarily dismissed with prejudice because it is not cognizable as a matter of law, and that Ground Four (*Brady*) be summarily dismissed without prejudice for failure to show exhaustion of state-court remedies.

    **With respect to Ground Three, Petitioner complains that the Magistrate** failed to judicially notice federal and state court files in other cases. Nothing in the records for Case No. LA CV 15-06779 renders Ground Three cognizable. Petitioner has not identified any state court record or act that renders it cognizable. There is nothing alleged in the Petition or the Objection that states a viable federal habeas claim based on Ground Three, nor could amendment cure the inherent defects of this claim. Petitioner simply reiterates his claims that the state courts violated a California Rule of Court based upon the erroneous and/or inadequate nature of their post-conviction rulings, and this contention does not implicate federal due process

or any other federal habeas concern. Accordingly, as Ground Three cannot state a cognizable federal habeas claim, Rule 4 mandates that Ground Three be dismissed summarily and with prejudice.

**The Objections also confirm that Ground Four does not present a viable federal habeas claim.** Ground Four asserts that the Los Angeles District Attorney ("DA")'s Office has failed to comply with its *Brady* obligation by withholding relevant post-conviction information. The R&R cogently explained why the allegations do not state a viable *Brady* violation. Petitioner disputes that Ground Four seeks to raise a *Brady* claim. Rather, he insists that Ground Four seeks an injunction pursuant to 28 U.S.C. §§ 2201 and 2201 directing the DA to comply with their policies and procedures. (Obj. at 2.) Such relief, however, lies outside the core of federal habeas relief available under 28 U.S.C. § 2254. *See Skinner v. Switzer*, 562 U.S. 521, 534-35 & n.13 (2011) (claim that DA's refusal to allow prisoner access to biological material for DNA testing violated due process falls outside the core of habeas review); *Nettles v. Grounds*, 830 F.3d 922, 930-35 (9th Cir. 2016) (a claim whose success will not necessarily lead to speedier release from confinement falls outside the core of habeas relief available and must be raised, if at all, in civil rights instead). As a result, Ground Four cannot be considered in a federal habeas action. As Ground Four does not and cannot state a cognizable federal habeas claim, its summary dismissal, pursuant to Rule 4, is warranted.

**Because Ground Four cannot be considered further in this case, the Court need not afford Petitioner the options that otherwise would be available for a mixed petition.** The Court declines to convert Ground Four into a new civil-rights case. Petitioner has not indicated a willingness to pay the filing fee for a civil-rights action. There is no basis for believing that he has exhausted the claim as required under § 1983. Nor is the claim amenable to conversion "on its face," given that the sole Respondent is the warden, who is not a proper defendant for the subject matter of Ground Four. *See Nettles*, 830 F.3d at 936 (civil rights claim properly raised in habeas amenable to conversion only if correct defendant named); *see, e.g., Reyes v. Calif. Dep't of Corrs.*, 2017 WL 104313, *3 (C.D. Cal. Jan. 9, 2017) (McCormick, M.J.) ("The Court . . . declines to exercise its discretion to convert the Petition into a civil rights complaint. First, it is not clear whether the plaintiff names the 'correct defendants' or seeks the 'correct relief.' * * * Petitioner has neither paid the $350 fee to file a civil rights action nor filed an IFP request [in connection with a putative civil-rights claim]."). Instead, it is more appropriate to dismiss Ground Four without prejudice.

Having completed its review, the Court finds no error of law, fact, or logic in the Magistrate Judge's R&R. Accordingly, the Court will adopt the R&R and implement its findings and recommendations.

<u>ORDER</u>

(1) Ground Three of the habeas petition is dismissed summarily, with prejudice;

(2) Ground Four of the habeas petition is dismissed summarily, without prejudice.

(3) The habeas petition now consists of Grounds One and Two.

(4) Upon the filing of this Order, the Magistrate Judge shall issue further appropriate orders regarding service of the petition, briefing, and other matters consistent with the reference of this case.

IT IS SO ORDERED.

Dated: Wednesday, April 19, 2017

*Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
Senior United States District Judge