# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DION JACKSON, | NO. LA CV 16-03422-VBF (GJS) |
| Petitioner, | ORDER |
| v. | Overruling Petitioner's Objections and Adopting the Report & Recommendation: |
| NEIL McDOWELL, WARDEN, | Granting Document #14 (Motion to Dismiss); Dismissing the Action Without Prejudice; |
| Respondent. | Directing Entry of Separate Final Judgment; |
| | Terminating the Case (JS-6) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. The Court has conducted *de novo* review of those matters to which petitioner has specifically objected.

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court has exercised its discretion to consider any new factual and legal assertions set forth in the Objections even though they were not included (or at least not clearly) in Petitioner's prior filings. All of Petitioner's assertions and arguments – new and repeated – have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objections or otherwise in the record alters or calls into question the analysis and conclusions set forth

in the Report, but addresses certain new arguments made by Petitioner.

**Petitioner's reliance on *Insyxiengmay v. Morgan*, 403 F.3d 637 (9th Cir. 2005) as "almost identical to the facts of this case" is misplaced.** The petitioner there sought review of the lower court's dismissal of a personal restraint petition ("PRP") as untimely, and his arguments therein addressed that untimeliness ruling. The motion for review attached a copy of the PRP in an appendix, which set forth his habeas claims and related arguments. The Circuit noted that Washington law only prohibited incorporation by reference with respect to attached materials that had not been filed with a court, such as trial memoranda, and found that the petitioner had fairly presented his claims through the attached argument. *Id.* at 668-69.

**In contrast, in California, habeas petitions filed at the three California court levels are original proceedings.** Cal. Const. Art. VI § 10. Petitioners do not seek review of lower-court decisions, unlike the Washington procedure involved in *Insyxiengmay*. *See Campbell v. Henry*, 614 F.3d 1056, 1060 (9th Cir. 2010) (a petitioner "faced with an unfavorable result" from one court "must file a new 'original' petition" in a higher court). Moreover, and critically, California prohibits incorporation by reference of the type used in *Insyxiengmay*, *i.e.,* by simply attaching a copy of a lower court filing. *See* Cal. R. Ct. 8.504(e)(3) (no incorporation by reference is permitted except with respect to filings by another party in the same case or in connection with a separate case raising the same issues and in which a petition for review is pending), 8.4(2) (rendering this rule applicable to habeas proceedings in the California Supreme Court); *Gatlin v. Madding*, 189 F.3d 882, 888-89 (9th Cir. 1999) (applying precursor to Rule 8.504(e)(3) and finding that petition which incorporated by reference due process claims raised in the California Court of Appeal did not exhaust such claims, because California law prohibited incorporation by reference). To the extent that attaching his trial court habeas petition was some sort of attempt by Petitioner to raise the ineffective assistance claims alleged in that court but not alleged in the California Supreme Court habeas petition, the fair presentation requirement was not satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (a claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered").[1]

---

[1] Petitioner's reliance on Cal. R. Ct. 8.384(b)(1) also is misplaced, as that Rule applies only to habeas petitions filed by counsel for a party and Petitioner's California Supreme Court habeas petition was filed on a pro se basis. In addition, Rule 8.384(b)(1), even were it applicable, fails to support finding the fair presentation requirement to have been met.

**In any event, Petitioner's California Supreme Court habeas petition expressly and affirmatively alleged only two habeas claims and they were factually and legally distinct from the ineffective assistance of counsel claims he had alleged in the trial court.** The state high court petition contained absolutely zero indication that Petitioner wished the state high court to consider the merits of the separate ineffective assistance claims he had raised in the trial court. Instead, the state high court petition's two habeas grounds complained about alleged procedural errors committed by the lower courts in his post-conviction proceedings, *i.e.,* in failing to assign his trial court habeas petition to another judge and in issuing summary denials rather than reasoned decisions. The gravamen of the habeas claims alleged in the state high court were that Petitioner's right to due process had been violated by these assertedly procedural mistakes made in the post-conviction context that allegedly violated California law.

**There simply was no reason for the state Supreme Court to believe that Petitioner, instead, was asking it to resolve ineffective assistance of counsel claims stemming from trial events,** which were buried amongst the jumble of documents attached to the state high court habeas petition. Given that Petitioner had specifically articulated the two post-conviction procedural error habeas claims on which he sought relief within the body of the habeas petition itself, and given the procedural rules that governed its review (including prohibiting incorporation by reference), the state Supreme Court was not obliged to go foraging for other possible trial-based claims petitioner had declined to allege; indeed, it could not do so.

**Petitioner also contends that the Magistrate Judge was required to consider the merits of the two Grounds of the Petition before she could consider a motion to dismiss based on lack of exhaustion.** The case citation he provides for this proposition is inaccurate; there is no such case found, either at the provided citation or by a title search. This is not surprising, given that the proposition he asserts is frivolous.

**Finally, the Court notes Petitioner's assertion that his "underlying claim contains an "Actual Innocence' concern" that "overrides" the exhaustion requirement. Neither the Supreme Court nor the Ninth Circuit has found that an assertion of "actual innocence" allows a Petitioner to avoid the exhaustion requirement of 28 U.S.C. § 2254(b).** But even if it could, nothing alleged in the Objections or any document filed by Petitioner comes close to a viable showing of actual innocence. Petitioner has never proffered the requisite "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial" and which

| | |
|---|---|
| 1 | constitutes "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" |
| 2 | and which, if considered shows that "it is more likely than not that no reasonable juror would have found |
| 3 | petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 316, 324, 327 (1995). |
| 4 | Finding no defect of law, fact, or logic in the well-reasoned R&R, the Court will adopt the Magistrate |
| 5 | Judge's findings and conclusions and implement her recommendations. |

## ORDER

Petitioner's objections are **OVERRULED.**

Respondent's Motion to Dismiss **[Doc # 14] is GRANTED.**

The Court will rule on a certificate of appealability by separate order.

Separate judgment shall be entered dismissing this action without prejudice for failure to exhaust available state-court remedies.

This case shall be **TERMINATED (JS-6).**

Dated: January 23, 2018

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE